**\*\*E-filed 10/04/10\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANTONIO V. NAGUIAT, JR., et al.,                    No. C 10-4303 RS

        Plaintiffs,                              **ORDER DENYING PRELIMINARY**
  v.                                                **INJUNCTION AS MOOT**

BAC HOME LOANS SERVICING, LP,

        Defendant.
_____/

    Plaintiffs Antonio V. Naguiat, Jr. and Olivia B. Magno sought a preliminary injunction restraining defendant from proceeding with a non-judicial foreclosure sale of their primary residence, which was scheduled for October 8, 2010. Defendant represents that the sale was cancelled on October 1, 2010. Accordingly, the request for a preliminary injunction is moot and the motion is denied on that basis. The hearing set for October 6, 2010 is vacated.

    In the event a new trustee's sale is scheduled and plaintiffs again move to enjoin it, the parties are advised that the standard for preliminary relief requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. N.R.D.C., Inc.*, 129 S.Ct. 365, 374 (2008). The Ninth Circuit has clarified, however, that courts in this circuit should still evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, __F.3d __, 2010 WL 3665149, *8 (9th Cir. 2010)

("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*.") As quoted in *Cottrell*, that test provides that, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other *Winter* factors, including the likelihood of irreparable harm." *Id.* In any subsequent motion for a preliminary injunction, plaintiffs must present sufficient facts and evidence specific to their particular situation—not simply conclusory accusations against the lending industry in general—to establish that they have a viable claim for relief that would support the issuance of an injunction.

Dated: 10/04/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Antonio V. Naguiat, Jr.
Olivia B. Magno
47945 Avalon Heights Terrace
Fremont, CA 94539


With a courtesy copy provided by facsimile transmission to:

Antonio V. Naguiat, Jr.
Olivia B. Magno
(510) 487-6566


DATED: 10/4/10

/s/ Chambers Staff
Chambers of Judge Richard Seeborg