**\*\*E-filed 2/9/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANTONIO V. NAGUIAT, JR., et al.,

        Plaintiffs,

  v.

BAC HOME LOANS SERVICING, LP,

        Defendant.
_____/

No. C 10-4303 RS

**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND**

## I. INTRODUCTION

    Plaintiffs Antonio V. Naguiat, Jr. and Olivia B. Magno, appearing in *pro se*, allege that they were induced to enter a "predatory loan agreement" to finance their primary residence. They assert a number of claims related to the loan transaction, and to subsequent foreclosure proceedings that apparently were commenced, but which have not yet culminated in a sale of the property. Defendant BAC Home Loans Servicing, LP, whose role in the alleged wrongdoing is not specified, but which presumably is servicing the loan and has communicated with plaintiffs regarding the foreclosure, moves to dismiss. Pursuant to Civil Local Rule 7-1(b), the matter was submitted without oral argument. Although the complaint includes a lengthy and conclusory indictment of the lending industry, it is devoid of any facts showing wrongdoing in plaintiffs' own loan transaction or the foreclosure process, and wholly fails to identify the basis of any claim against

BAC. Accordingly, the motion to dismiss must be granted. Particularly in light of plaintiffs' status as *pro se* litigants, however, they will be granted an opportunity to amend.

## II.  LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Additionally, the complaint here includes some claims that assert fraud. Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Vess v. Ciba-Geigy Corp. U.S.A.,* 317 F.3d 1097, 1106 (9th Cir. 2003). In other words, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.*

III.  DISCUSSION

BAC's motion to dismiss proffers numerous arguments as to why the complaint is deficient, nearly all of which have merit.[1]  Among other things, the applicable statute of limitations appear to stand as a substantial hurdle to plaintiffs' claims, and they would have to plead some basis under which those claims could be deemed timely.  More fundamentally, however, the complaint as presently constituted fails to state a claim against any person, and certainly states no claim against BAC.  The complaint contains a long explanation of purported practices in the residential real estate and lending industry that it contends are wrongful.  A portion of the complaint is even labeled as a "non-factual statement of posture and position."  Regardless of the labels, these descriptions of, and accusations against, the industry as a whole do not substitute for pleading sufficient facts to show that one or more specifically-named defendants engaged in specific wrongful acts in connection with the origination of plaintiffs' loan or subsequent foreclosure proceedings.

Additionally, the complaint at times uses the term "defendant" and at other times "defendants," without ever identifying who such multiple persons might be or what role each of them played in any wrongdoing against plaintiffs.  BAC is the only defendant actually named in the complaint, but there are no allegations as to what it, as opposed to other persons or entities, may have done.  It appears likely that BAC very well may have played no role at all in the origination of plaintiffs' loan, in which case plaintiffs would have no basis to assert any claims specific to the loan origination process against it.

Accordingly, the complaint must be dismissed.  Plaintiffs will be given the opportunity to amend, if they can in good faith allege facts showing they hold claims that are not time-barred against BAC and/or some other entities.  Plaintiffs are cautioned that any amended complaint must set out facts specific to their own situation, and that it must clearly delineate what claims are asserted against BAC, as well as the basis for any such claims.

---

[1] One exception is BAC's argument that any claim for rescission under the Truth In Lending requires plaintiffs to allege that they have tendered the borrowed funds back to the lender or that they have an ability to do so.  This Court has held that no such pleading requirement exists under the Truth in Lending Act.  *See Botelho v. U.S. Bank, N.A.*, 692 F.Supp.2d 1174 (N.D.Cal. 2010).

3

## IV. CONCLUSION

The motion to dismiss is granted, with leave to amend. Any amended complaint shall be filed no later than March 11, 2011. If plaintiffs do not file an amended complaint on before that date, the action will be dismissed without prejudice.

IT IS SO ORDERED.

Dated: 2/09/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Antonio V. Naguiat, Jr.
Olivia B. Magno
47945 Avalon Heights Terrace
Fremont, CA 94539

DATED: 2/9/11

                                              /s/ Chambers Staff
                                              Chambers of Judge Richard Seeborg

United States District Court
For the Northern District of California