**\*\*E-filed 10/14/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANTONIO V. NAGUIAT, JR., et al.,

    Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP,

    Defendant.

_____/

No. C 10-4303 RS

**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiffs Antonio V. Naguiat, Jr. and Olivia B. Magno, appearing in *pro se*, allege that they were induced to enter a "predatory loan agreement" to finance their primary residence. Asserting federal question jurisdiction, plaintiffs advance a number of claims related to the loan transaction, and to subsequent foreclosure proceedings that apparently were commenced, but which have not yet culminated in a sale of the property. Plaintiffs' original complaint was dismissed for failure to state a claim, with leave to amend. Plaintiffs were advised that any amended complaint must set out facts specific to their own particular circumstances rather than conclusory accusations against the mortgage industry in general, and that a basis to avoid the apparent bar of the statute of limitations would have to be pleaded.

The amended complaint, much like the original, is largely a hodgepodge of accusations and legal arguments directed at the so-called "subprime" lending industry in general, although plaintiffs

have included information regarding the various closing costs and charges imposed in connection with their loan.  By its own admission, the amended complaint is a "seemingly cookie-cutter suit alleging seemingly cookie-cutter acts against multiple licensed and unlicensed professionals in the area of consumer residential real estate sales and servicing," a pleading approach it seeks to justify by arguing that the alleged "tortuous and criminal acts" have become commonplace. First Amended Complaint, ¶17.

Even read liberally, however, the claims potentially implicating federal law still fail to set forth a sufficient factual basis for liability, with no reason to believe that the defects could be cured, particularly in light of the applicable statutes of limitation.  As the exercise of supplemental jurisdiction over the state law claims would be inappropriate under these circumstances, they too will be dismissed.

## II.  LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Additionally, the complaint here includes some claims that assert fraud. Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Vess v. Ciba-Geigy Corp. U.S.A.,* 317 F.3d 1097, 1106 (9th Cir. 2003). In other words, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.*

### III.  DISCUSSION

A.  <u>Federal claims</u>

As noted, much of the complaint is a broad, and rambling indictment against the subprime lending industry in general, replete with conclusory accusations and references to publicly reported state attorney general investigations, allegations of extensive foreclosure documentation improprieties involving various banks, and similar general matters. Although many of the allegations purport to be framed as assertions of fact, virtually all of them can more accurately be characterized as "mere conclusory statements" that do not suffice under *Twombly* and *Iqbal* to show that these plaintiffs have cognizable claims against these defendants arising out of the transactions and events in dispute. Plaintiffs' basic claim is two-fold: (1) they were induced to enter into a loan agreement that was oppressive and illegal under a variety of theories and for a number of reasons, and (2) the parties now seeking to foreclose lack the legal right to do so, for many reasons.

Only one count of the First Amended Complaint is directly framed as a claim for relief under federal law. The seventh "cause of action" purports to state a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. The duties of creditors reporting to credit rating agencies are set forth in 15 U.S.C.A. §1681s-2. The First Amended Complaint contains no facts whatsoever that would indicate any potential violation of those duties. Additionally, the situations in which consumers may pursue a private right of action under the FCRA against creditors are limited, *see Gorman v. Wolpoff & Abramson LLP*, 584 F.3d 1147, 1162 (2009), and none of plaintiffs'

1 allegations implicate such circumstances.  Accordingly, there is simply no basis for plaintiffs to
2 advance a claim under the FCRA.

3 The remaining "causes of action" in the First Amended Complaint all, on their face, are
4 presented as claims under state law.  Read liberally, however, the fourth count, entitled
5 "negligence/negligence per se" could be construed as an attempt to state a claim under the Truth In
6 Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act
7 ("RESPA"), 12 U.S.C. § 2601 *et seq.* and/or the Home Ownership and Equity Protection Act
8 ("HOEPA") 15 U.S.C. § 1369(h), as well as under regulations promulgated thereunder.  Again,
9 however, the complaint is devoid of facts showing any violations of those statutes and regulations,
10 notwithstanding some naked assertions that such violations occurred.

11 Moreover, the prior order advised plaintiffs that to plead a viable claim, they must aver a
12 basis to avoid the statute of limitations applicable on the face of the complaint. This action was filed
13 in September of 2010, nearly four years after the underlying loan transaction closed.  Although
14 equitable tolling of the limitations period may be available for damages claims under TILA, *see*
15 *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986), plaintiffs have failed to plead a viable basis
16 for such tolling.  The First Amended Complaint argues that the statute should be tolled because of a
17 purported "fiduciary relationship" between plaintiffs and defendants.  Generally, however, in the
18 context of a mortgage transaction, a lender has no fiduciary duty to a borrower.  *See Nymark v.*
19 *Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1092 n.1 (1991) ("The relationship between
20 a lending institution and its borrower-client is not fiduciary in nature.")  Plaintiffs have alleged no
21 facts that would call for a different result here.

22 Accordingly, plaintiffs have failed to plead any viable claim under federal law.  In light of
23 the fact that this is not an initial pleading, and given the bar of the statute of limitations, no further
24 leave to amend is warranted.

25

26 B.  <u>State claims</u>

27 Defendants' motion urges dismissal of the state claims on the merits.  For many of the same
28 reasons mentioned above, as well as others, dismissal likely would be warranted were the Court to

4

retain supplemental jurisdiction over the state law claims.  It does not follow, however, that dismissal of the state law claims without leave to amend would be warranted at this juncture. Rather, given that the statute of limitations does not stand as a clear impediment to plaintiffs' ability to pursue claims arising from the more recent and ongoing efforts to foreclose, and in light of their status as *pro se* litigants, discretion would caution giving them at least one further chance to plead claims under state law.[1]  It would not, however, be appropriate to maintain supplemental jurisdiction over this action in the absence of any federal claims.  *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction").  Under these circumstances, therefore, the Court will not decide the question of whether the complaint adequately pleads any claims under state law, and instead will dismiss those claims without prejudice.

### IV.  CONCLUSION

The motion to dismiss is granted as to the claims under federal law, without leave to amend. The state law claims are dismissed without prejudice.  The clerk shall close the file.

IT IS SO ORDERED.

Dated: 10/14/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] Although plaintiffs' claims under state law relating to the origination of the loan may very well be barred by the statute of limitations, that will be an issue for the state court to decide in the event plaintiffs decide to pursue those claims in that forum.